James R. Moody, Commissioner Office of Administration State Capitol Building, Room 125 Jefferson City, Missouri 65101
Dear Commissioner Moody:
This opinion is in response to your questions asking:
 Is it prohibited by law for a member of the St. Louis Regional Convention and Sports Complex Authority who is employed by a firm submitting a proposal for underwriting bonds issued by the Authority to participate in the process of selecting the underwriter(s)?
 Is it prohibited for that person to be a member of the Authority if he does not participate in the process of selecting underwriter(s)?
You have provided the following statement of facts:
 The Regional Convention and Sports Complex Authority is established by sections 67.650 through 67.658 RSMo. The eleven commissioners have been appointed in accordance with the statutory provisions. The State of Missouri, the City of St. Louis, and St. Louis County are in the process of undertaking an expansion of the Cervantes Convention Center suitable for use as a convention facility and as a National Football League stadium. That facility will be financed through the Regional Convention and Sports Complex Authority as permitted by the statutory sections referenced above. One member of the Authority is an employee of Prudential-Bache Securities, Inc., though he does not work in the area of Municipal Finance. He is not an officer, director or shareholder of that company. Representatives of Prudential-Bache Securities, Inc. have expressed interest in submitting a proposal to act as an underwriter with respect to any bonds issued by the Authority to finance the project. Due to the nature and complexity of the financing involved, the Authority will select underwriters through proposals submitted by potential underwriters and will sell its bonds through negotiated sale rather than through a competitive bid. A request for proposals for underwriters will be utilized to solicit proposals from qualified firms. The Authority member who is employed by Prudential-Bache Securities, Inc. also sits on the finance committee of the Authority, which committee will make recommendations to the full Authority concerning financing issues.
The St. Louis Regional Convention and Sports Complex Authority to which you refer in your questions is established under Sections 67.650 through 67.658, RSMo Supp. 1989. Section67.650 provides:
 67.650. Regional convention and sports complex authority established. — In each city not within a county and in each first class county with a charter form of government which adjoins such city not within a county there is hereby established a joint "Regional Convention and Sports Complex Authority".
Section 67.652 provides in part that "[t]he authority shall consist of up to eleven commissioners who shall be qualified voters of the state of Missouri and residents of either the city or the county." Section 67.653.1(10)(i) provides:
 (i) The authority is hereby declared to be performing a public function and bonds of the authority are declared to be issued for an essential public and governmental purpose and, accordingly, interest thereon and income therefrom shall be exempt from income taxation by the state of Missouri; [Emphasis added.]
Section 67.655 provides:
 67.655. Tax exemption for property and income of authority. — The income of the authority and all properties at any time owned by the authority shall be exempt from all taxation in the state of Missouri. For the purposes of section 409.402, RSMo, all bonds issued by the authority shall be deemed to be securities issued by a public instrumentality of the state of Missouri. [Emphasis added.]
Based on Sections 67.650 through 67.658, particularly the provisions referred to above, it is apparent the commissioners composing the St. Louis Regional Convention and Sports Complex Authority function as public officials or officers in discharging their statutory duties.
A general statement of the law applicable to public officers is the following:
 At common law, it was held that a conflict of interest existed if an administrative official voted on the matter in which he had a personal direct and pecuniary interest. This rule especially applied in cases where public officials could gain personally from their inside information.
 A person's status as a public officer forbids him from placing himself in a position where his private interest conflicts with his public duty. His good faith is of no moment because it is the policy of the law to keep him so far from temptation as to insure the exercise of unselfish public interest. This policy is not limited to a single category of public officer but applies to all public officials. Anything which tends to weaken public confidence and to undermine the sense of security for individual rights is against public policy.
63A Am.Jur.2d, Public Officers and Employees, Section 322.
It is not proper for a public officer to be placed in a situation wherein there either is or may be a conflict of loyalties between his employer and the public. Therefore, we conclude the commissioner specified in your inquiry is prohibited from participating in the process of selecting an underwriter when the firm which employs him intends to submit a proposal to the authority. The commissioner may not participate in the drafting of the request for proposals nor participate in any proceedings or discussions relevant to the proposals or affecting his employer.
Your second question concerns whether the commissioner specified in your inquiry may serve as a member of the authority. Our office addressed a similar question relating to county judges (now county commissioners) in Missouri Attorney General Opinion Letter No. 147, Fickle, 1973, a copy of which is enclosed. The question addressed in that opinion letter was whether or not a county judge was disqualified from holding his office when he was employed by a corporation which had large property holdings in that county. We concluded the county judge was not disqualified from holding office because of his employment but should not participate in decisions affecting his employer. Similarly, there is no constitutional or statutory prohibition on the commissioner serving as a member of the authority because of his private employment. Therefore, we conclude the commissioner specified in your inquiry is not prohibited from serving as a member of the authority.
CONCLUSION
It is the opinion of this office that a commissioner of the St. Louis Regional Convention and Sports Complex Authority established under Sections 67.650 through 67.658, RSMo Supp. 1989, is not prohibited from serving as a member of the authority because he is employed by a securities firm submitting a proposal for underwriting bonds issued by the authority; however, such commissioner may not participate in the process of selecting the underwriter.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion Letter No. 147, Fickle, 1973